**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

*In re* **J.D. and S.D.**

**No. 21-0354** (Putnam County 20-JA-96 and 20-JA-97)

**MEMORANDUM DECISION**

Petitioner Father T.D., by counsel Benjamin Freeman, appeals the Circuit Court of Putnam County's April 16, 2021, order terminating his parental, custodial, and guardianship rights to J.D. and S.D.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Patrick Morrisey and Brittany Ryers-Hindbaugh, filed a response in support of the circuit court's order and a supplemental appendix. The guardian ad litem, Maggie J. Kuhl, filed a response on the children's behalf in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in denying his motion for a post-adjudicatory improvement period; erred in terminating his parental, custodial, and guardianship rights; and erred in denying him post-termination visitation with the children.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In December of 2020, the DHHR filed a child abuse and neglect petition alleging that the mother abused controlled substances while pregnant with S.D. and parenting then one-year-old J.D. The DHHR alleged that petitioner failed to protect the children from the mother's substance abuse and that his own substance abuse negatively affected his ability to parent the children. The DHHR further alleged that it attempted to implement a protection plan with petitioner for the

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W. Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W. Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W. Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W. Va. 641, 398 S.E.2d 123 (1990).

benefit of the children, but petitioner refused to agree to the terms of the plan, such as random drug screening. Following the filing of the petition, the DHHR implemented parenting classes and in-home drug screening for petitioner.

The circuit court held an adjudicatory hearing in February of 2021. Petitioner stipulated that his controlled substance abuse negatively affected his ability to parent the children and waived his right to an adjudicatory hearing. The circuit court accepted petitioner's voluntary stipulation and adjudicated him as an abusing parent. Thereafter, petitioner moved for a post-adjudicatory improvement period. The circuit court held the motion in abeyance in order to allow the parties to formulate a family case plan and agree on services to be implemented during the improvement period. While the DHHR did not object to the improvement period, it reported to the court that petitioner had been rude and verbally aggressive towards service providers. The circuit court admonished petitioner and informed him that he needed to fully complete those services to be successful during an improvement period.

The circuit court held a dispositional hearing in March of 2021. Petitioner renewed his motion for a post-adjudicatory improvement period. The circuit court heard evidence that petitioner was arrested in February of 2021 after he sent threatening messages to a DHHR worker.[2] The charges occurred after petitioner sent a photograph of the DHHR worker's child to the worker and made threatening remarks about the worker's child.[3] Petitioner sent similar messages to his services provider, threatening the welfare of the service provider's child and the DHHR worker's child.[4] The circuit court also heard evidence that petitioner sent a text message to a family member, stating that he intended to kill J.D. and S.D., their current foster care provider (the children's grandmother), and himself. The children's foster care provider sought a domestic violence protective order for the children, which was granted for a period of one year. Due to this behavior, petitioner's service providers ceased providing petitioner services. Petitioner presented evidence that he was recently diagnosed with anxiety and depression and was prescribed medication.

Ultimately, the circuit court found that petitioner's conduct since the February of 2021 hearing was "abhorrent." The court found that petitioner made threats to the DHHR worker, service providers, the children's relative placement, and even the children. The court stated that "everyone in the case, including [the mother], ha[d] indicated . . . that they have concerns in even being around [petitioner] given his outbursts." The court decided that it could not "justifiably place [petitioner] on a period of improvement under those circumstances and subject these

---

[2]Petitioner was released from incarceration prior to the final dispositional hearing.

[3]In text messages to the DHHR worker, petitioner told her that "[your] kid won't make it" and "I will break his legs and arms."

[4]Petitioner messaged his service provider and said, "I wil[l] find out who [your] kids are," stating that he knows the DHHR's worker's "baby" and telling the service provider "[your] kid [will] be next."

service providers as well as perhaps even the children themselves in a position where they might be the victims of violence." The court concluded that there was no reasonable likelihood that the conditions of abuse and neglect could be substantially corrected because petitioner was presently unwilling or unable to provide adequately for the needs of the children. The court also found that termination of petitioner's parental rights was in the children's best interests. Accordingly, the circuit court terminated petitioner's parental, custodial, and guardianship rights by its April 16, 2021, order. Petitioner now appeals that order.[5]

The Court has previously held:

> "Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011).

On appeal, petitioner argues that the circuit court committed clear error when it denied his motion for a post-adjudicatory improvement period. In petitioner's view, it was in the children's best interests for the circuit court to grant his motion and permit petitioner an opportunity to improve his parenting. He argues that the circuit court denied his motion for an improvement period "because of his out-of-court conduct regarding other counsel and parties involved in the case." Petitioner asserts that his conduct was a product of his significant mental health issues, which could have been addressed through medication and therapy. Petitioner acknowledges that he was only beginning to address these issues during the proceedings and asserts that the circuit court should have granted him additional time to address them.

In order to be granted a post-adjudicatory improvement period under West Virginia Code § 49-4-610(2)(B), the parent must "demonstrate[], by clear and convincing evidence, that the [parent] is likely to fully participate in the improvement period." Additionally, "West Virginia law allows the circuit court discretion in deciding whether to grant a parent an improvement

---

[5]According to the parties, the mother retains her parental rights and is participating in an improvement period. The permanency plan for the children is reunification with the mother with a concurrent plan of adoption in their current relative foster placement.

period." *In re M.M.*, 236 W. Va. 108, 115, 778 S.E.2d 338, 345 (2015); *see also In re Tonjia M.*, 212 W. Va. 443, 448, 573 S.E.2d 354, 359 (2002) (holding that a circuit court has the discretion to deny a motion for an improvement period when no improvement is likely).

Here, petitioner did not prove by clear and convincing evidence that he was likely to fully participate in an improvement period. To the contrary, petitioner demonstrated aggressive, noncooperative, and abhorrent behavior during the proceedings. As the circuit court so aptly found, every participant in the proceeding was afraid of petitioner due to his outbursts. Based upon petitioner's rude and aggressive behavior, including blatant threats, his service providers discontinued his services. Although petitioner argues that his mental health issues caused these behaviors, there is no evidence in the record that his diagnoses of anxiety and depression were related to his extremely violent behaviors. In sum, we agree with the circuit court's decision to deny petitioner's motion for an improvement period when considering his behavior during the proceedings, and we find that the circuit court did not commit clear error in denying this motion.

Next, petitioner argues that the circuit court erred in terminating his parental, custodial, and guardianship rights to the children. According to petitioner, the evidence was insufficient to support a finding that there was no reasonable likelihood that the conditions of neglect or abuse could be substantially corrected in the near future. He asserts that he presented evidence that he had taken steps to address his mental health issues and was beginning to rehabilitate himself when the circuit court terminated his parental rights. Petitioner argues that the circuit court should have imposed a less-restrictive dispositional alternative rather than terminating his parental rights. We disagree.

Pursuant to West Virginia Code § 49-4-604(c)(6), a circuit court may terminate a parent's parental, custodial, and guardianship rights upon finding that "there is no reasonable likelihood that the conditions of neglect or abuse can be substantially corrected in the near future" and that termination is necessary for the welfare of the children. West Virginia Code § 49-4-604(d)(3) provides that there is no reasonable likelihood that the conditions of neglect or abuse can be substantially corrected when

> [t]he abusing parent or parents have not responded to or followed through with a reasonable family case plan or other rehabilitative efforts of social, medical, mental health, or other rehabilitative agencies designed to reduce or prevent the abuse or neglect of the child, as evidenced by the continuation or insubstantial diminution of conditions which threatened the health, welfare, or life of the child.

Here, the evidence shows that petitioner would not follow through with a reasonable family case plan. Petitioner chose to threaten the DHHR worker and his service providers rather than cooperate with them. Despite the circuit court's clear instruction to cooperate with these individuals, petitioner's behavior only worsened as the proceedings continued. Moreover, petitioner threatened his own children and their foster care provider, resulting in the issuance of a domestic violence protective order on behalf of the children. This Court has held that

4

"[c]ourts are not required to exhaust every speculative possibility of parental improvement . . . where it appears that the welfare of the child will be seriously threatened, and this is particularly applicable to children under the age of three years who are more susceptible to illness, need consistent close interaction with fully committed adults, and are likely to have their emotional and physical development retarded by numerous placements." Syl. Pt. 1, in part, *In re R.J.M.,* 164 W.Va. 496, 266 S.E.2d 114 (1980).

*Cecil T.*, 228 W. Va. at 91, 717 S.E.2d at 875, syl. pt. 4. In this case, where petitioner was uncooperative with service providers and threatened the well-being of his own children, we find no error in the circuit court's finding that there was no reasonable likelihood that petitioner could substantially correct the conditions of neglect and abuse in the near future and that termination of his parental, custodial, and guardianship rights was in the children's best interests.

Finally, this Court has held that

"[t]ermination of parental rights, the most drastic remedy under the statutory provision covering the disposition of neglected children, [West Virginia Code § 49-4-604] . . . may be employed without the use of intervening less restrictive alternatives when it is found that there is no reasonable likelihood under [West Virginia Code § 49-4-604(d)] . . . that conditions of neglect or abuse can be substantially corrected." Syllabus point 2, *In re R.J.M.*, 164 W.Va. 496, 266 S.E.2d 114 (1980).

Syl. Pt. 5, *In re Kristin Y.*, 227 W. Va. 558, 712 S.E.2d 55 (2011). As stated above, the requisite findings are fully supported by the record on appeal. Therefore, the circuit court had the discretion to terminate petitioner's parental, custodial, and guardianship rights rather than imposing a less-restrictive dispositional alternative, and we find no abuse of discretion in its decision.

Finally, petitioner argues that the circuit court erred in denying him post-termination visitation with the children. Petitioner asserts that there was no evidence that continued visitation was contrary to the children's best interests. This Court has held that

"[w]hen parental rights are terminated due to neglect or abuse, the circuit court may nevertheless in appropriate cases consider whether continued visitation or other contact with the abusing parent is in the best interest of the child. Among other things, the circuit court should consider whether a close emotional bond has been established between parent and child and the child's wishes, if he or she is of appropriate maturity to make such request. The evidence must indicate that such visitation or continued contact would not be detrimental to the child's well being and would be in the child's best interest." Syl. Pt. 5, *In re Christina L.*, 194 W.Va. 446, 460 S.E.2d 692 (1995).

Syl. Pt. 11, *In re Daniel D.*, 211 W. Va. 79, 562 S.E.2d 147 (2002). Further, "[o]ur cases indicate that a close emotional bond generally takes several years to develop." *In re Alyssa W.*, 217 W.

Va. 707, 711, 619 S.E.2d 220, 224 (2005). Due to petitioner's violent threats against the children and their caretakers, in addition to the lack of any evidence that petitioner and the children shared a close emotional bond, we agree with the circuit court that continued visitation was not in the children's best interests. We find no error in the court's decision in this regard.

For the foregoing reasons, we find no error in the decision of the circuit court, and its April 16, 2021, order is hereby affirmed.

Affirmed.

**ISSUED**: March 9, 2022

**CONCURRED IN BY**:

Chief Justice John A. Hutchison
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice William R. Wooton
Justice Alan D. Moats sitting by temporary assignment

6